

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/06/2013

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-31714 |
| JESSE F STOKESBERRY, LYNDA K STOKESBERRY | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
(Docket No. 33)

In this contested matter, the chapter 7 trustee objects to two exemptions claimed by the Debtors under Texas law. For the reasons set forth below, the Court will overrule the trustee's objections in part and sustain them in part. A separate order consistent with this opinion will issue.

### Background

The Debtors filed a voluntary chapter 7 case on March 26, 2013 [Docket No. 1]. Prior to their bankruptcy filing, the following activity occurred in the Debtors' checking account ending in XXXXXXX328 (the "Account"):

| | | |
|---|---|---|
| 02/06/13 | Beginning Balance[1] | $2,815.55 |
| 02/11/13 | 401(k) Deposit | $9,500.00 |
| 02/19/13 | Check #4046 | <$1,100.00> |
| 02/20/13 | Social Security Deposit (Exempt)[1] | $1,892.00 |
| 02/21/13 – 03/05/13 | Debit Card Disbursements | <$3,687.54> |
| 03/04/13 | Check #4047 | <$297.95> |
| 03/20/13 | Social Security Deposit (Exempt)[1] | $1,892.00 |
| 03/26/13 | Check #4048 | <$124.75> |

In their schedule C, the Debtors sought, in part, to exempt (i) all funds held in the Account under Tex. Prop. Code § 42.021; and (ii) a John Deere 890 tractor under Tex. Prop. Code § 42.002(a)(3) [Docket No. 3].

The chapter 7 trustee conducted a meeting of creditors in the case under § 341 of the Bankruptcy Code on May 3, 3013. On May 8, 2013, the chapter 7 trustee filed his objection to the two aforementioned exemptions [Docket No. 33]. Specifically, the trustee asserted that (i) the Debtors failed to establish that an exemption exists under Texas law for payments received from a qualified retirement plan; and (ii) no valid exemption exists for the tractor.

---

[1] The parties stipulated that the only funds deposited to the Account were social security payments and Mr. Stokesberry's $9,500 401(k) distribution. The chapter 7 trustee does not dispute the Debtors' claim that the social security payments are exempt.

The Court conducted a hearing on the trustee's objection on August 26, 2013. The parties stipulated that the only funds deposited to the Account were exempt social security payments and a distribution from Mr. Stokesberry's 401K plan. The only other evidence offered by either party was (i) the testimony of Mr. Stokesberry; (ii) copies of the Account's statements for February and March, 2013; (iii) an appraisal and photo of the tractor; and (iv) a copy of a 2012 Schedule C (Form 1040) for JK Business Concepts. In his testimony, Mr. Stokesberry stated that the tractor was used in a land-clearing business that generated in excess of $15,000 in 2012. Mr. Stokesberry also testified that he intended to continue the land-clearing business as soon as he recovered from a recent heart attack and his doctor declared him fit to work. With respect to the deposit of funds from his 401(k) plan, Mr. Stokesberry stated that he needed the money in order to provide for his family and that he never would have deposited the funds in the Account if he had known that they were at risk. The Court finds Mr. Stokesberry to be a credible witness.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The Court has constitutional authority to enter a final order in this adversary proceeding.

### The Tractor

Under TEX. PROP. CODE § 42.002(a)(3), the Debtors may exempt personal property[2] that constitutes farming or ranching vehicles and implements. Mr. Stokesberry's undisputed testimony reflects that the tractor is used to clear brush both on his property and his neighbors' property. In light of the Texas Supreme Court's instruction that exemptions are to be construed liberally, the tractor fits within the exemption. *See In re Soza*, 542 F.3d 1060, 1068 (5th Cir. 2008; *Hickman v. Hickman*, 234 S.W.2d 410, 414 (Tex. 1950). Although § 42.002(a)(4)[3] might have been a better choice under the particular circumstances of this case, the Court will not quibble with the Debtors' selection as the result in this case would not change. The Debtors have met their burden and the tractor is exempt. The chapter 7 trustee's objection to the Debtors' exemption of the tractor is overruled.

### The Bank Account/Retirement Account Proceeds

The Debtors assert that the entirety of the Account is exempt under TEX. PROP. CODE § 42.0021. Section 42.0021 is entitled "Additional Exemption for Certain Savings Plans" and provides an unlimited exemption for "a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, profit sharing, or similar plan . . . and under any retirement annuity or account described by Section 402(b) or 408A of the Internal Revenue Code of 1986, and under any individual retirement account or individual

---

[2] Subject to the overall fair market value limitation of $60,000 for a family. TEX. PROP. CODE § 42.001(a)(1).

[3] Section 42.002(a)(4) provides as exemption for "tools, equipment, books and apparatus, including boats and motor vehicles used in a trade or profession."

2 / 4

retirement annuity, including a simplified employ pension plan, . . . unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986." This section was added by the Texas Legislature in 1987 in response to several bankruptcy decisions which held that retirement benefits were not exempt in Texas. *Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 266 (Tex. App.—Fort Worth 2004, no pet.), *citing In re Goff*, 706 F.2d 574 (5th Cir. 1983) and *In re Brooks*, 60 B.R. 155 (Bankr. N.D. Tex. 1986).

The chapter 7 trustee does not dispute that the Debtors' 401(k) plan is a qualified plan under the 1986 Internal Revenue Code. Rather, the trustee asserts that once the Debtors received the $9,500 payment from Mr. Stokesberry's 401(k) plan and deposited the funds into a regular checking account, the funds lost their exempt status. Section 42.0021 provides no guidance regarding the character of distributions made from a qualified plan. Adding to the confusion is the following provision of the Texas Turnover Statute which provides that

> [a] court may not enter or enforce an order under this section [31.002] that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(f).

Some Texas courts have combined TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(f) with TEX. PROP. CODE § 42.0021 to reach the conclusion that all retirement payments are exempt. *See Roosth v. Roosth*, 889 S.W.2d 445, 459 (Tex. App.—Houston [14th Dist] 1994, writ denied); *Rucker v. Rucker*, 810 S.W.2d 793 (Tex. App.—Houston [14th Dist.] 1991, writ denied). This Court's review, however, of the plain language of the two statutes leads to a different conclusion. Section 42.0021 of the Texas Property Code provides an exemption for a person's *right* to the assets held in or to receive payments from a qualified plan. Section 31.002(f) of the Texas Civil Practice & Remedies Code provides that a court may not require the turnover of the proceeds of that *right* or to require the disbursement of otherwise exempt assets. Once a payment is voluntarily received and deposited into an otherwise non-exempt account, however, a creditor may then seek execution or garnishment of the account in accordance with applicable law. *See Fitzpatrick v. Leasecomm Corp.*, No. 12-07-00487, 2008 WL 4225973, at *2 (Tex. App.—Tyler Sept. 17, 2008). The Court's reading gives meaning to § 42.0021(c) of the Texas Property Code which provides for a continued 60-day exemption for distributions from a qualified plan that constitute "nontaxable rollover contributions." The Court therefore concludes that the $9,500 distribution from Mr. Stokesberry's 401K plan is nonexempt.

The Court's inquiry, however, does not end here. Having concluded that the Account contains both exempt and nonexempt funds, the Court must apply tracing concepts to determine the character of the funds in the account on the petition date. At trial, neither the Debtors nor the chapter 7 trustee could provide the Court with a sufficient basis for the selection of a preferred method of tracing other than selecting the method most favorable to the parties' respective position. As announced at the hearing, the Court is therefore inclined to utilize the "lowest intermediate balance test" following the line of cases dealing with the tracing of trust funds. *See*

*Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron),* 155 F.3d 718, 724 (4th Cir. 1998); *In re Columbia Gas Sys., Inc.,* 997 F.2d 1039, 1063 (3d Cir. 1993); *United States v. McConnell,* 258 B.R. 869, 875 (N.D. Tex. 2001); 5 COLLIER ON BANKRUPTCY, ¶ 541.11 (15th ed. 2008).

   The concept of tracing is inherently an equitable approach designed to achieve justice. Applying the lowest intermediate balance test to this case, a legal fiction is created that assumes that non-exempt funds will be spent before exempt funds. Such an approach comports with Mr. Stokesberry's testimony and notions of common sense. The Court therefore finds that on the petition date, the Account consisted of $4,289.76 in nonexempt funds ($9,500 – $1,100 - $3,687.54 - $297.95 - $124.75 = $4,289.76) and $6,599.55 in exempt funds ($2,815.55 + $1,892.00 + $1,892.00 = $6,599.55). Accordingly, the trustee's objection is sustained to the extent of $4,289.76 and overruled as to the balance. The Debtors shall deliver the sum of $4,289.76 to the chapter 7 trustee within seven days of the entry date of this decision. A separate order consistent with this opinion will issue.

   **SIGNED: September 5, 2013.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**